Filed 5/14/15  In re M.A. CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re M.A., a Person Coming Under the Juvenile Court Law. _____ LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CHRISTINA I.,<br><br>    Defendant and Appellant. | B258955<br><br>(Los Angeles County Super. Ct. No. DK04922) |

        APPEAL from an order of the Superior Court of Los Angeles County, Carlos E. Vasquez, Judge.  Affirmed.

        Matthew I. Thue, under appointment by the Court of Appeal, for Defendant and Appellant.

        Mark J. Saladino, County Counsel, Dawyn R. Harrison, Assistant County Counsel and Tyson B. Nelson, Deputy County Counsel for Plaintiff and Respondent.

_____

C.I. (mother) appeals a dispositional order after the juvenile court declared her daughter M.A. (the minor) a dependent child of the court pursuant to Welfare and Institutions Code section 300, subdivision (c).[1]

Mother solely challenges the underlying jurisdictional finding. She contends the juvenile court erred in assuming dependency jurisdiction due to insufficient evidence that the minor faced a risk of serious emotional damage within the meaning of section 300, subdivision (c), and due to insufficient evidence that mother was an offending parent. We reject mother's challenges to the sufficiency of the evidence and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

This dependency proceeding arises out of a child custody dispute between the minor's parents.

In April and May of 2014, the Los Angeles County Department of Children and Family Services (DCFS) received three child abuse referrals in this matter. A social worker interviewed the minor, who reported that some of her overnight visits at her father's home had been inappropriate. For example, one morning, the minor woke up and found father covered in vomit; he was wearing boxer shorts and his penis was exposed while he was asleep, causing her to be very embarrassed. Also, father would come into the bathroom while she was taking a shower. Father denied all allegations and stated his daughter was being manipulated and coached by her mother.

The social worker was present for a visit by father on April 23, 2014. The minor became "hysterical" and stated she was not going to go with father. The social worker "observed the child to be very sad; crying all the time and the child feels she is an emotional wreck because of all the things going on between father and mother and family

---

[1]     The dispositional order is directly appealable and the jurisdictional finding is reviewable on the appeal from the dispositional order. (Welf. & Inst. Code, § 395; *In re M.C.* (2011) 199 Cal.App.4th 784, 801.)

All further statutory references are to the Welfare and Institutions Code, unless otherwise specified.

court.  At this time the child is withdrawn[,] not talking[,] [and] appears depressed because of the aggressive conduct of her parents; arguing and using the police during all visits."

A report from the Pomona Police Department dated April 30, 2014 stated an officer responded to mother's home that day "regarding a keep the peace call regarding child custody."  The office "recognized the address due to several previous calls for service regarding child custody issues."  Father told the officer he had paperwork regarding child custody and that he was there to pick up his daughter.  The minor stated she did not want to go with her dad, and mother stated she was not going to make her go.  The officer opined, "Based on previous experiences with all parties involved, I believe that [mother] influences [the minor's] decisions, and encourages her to choose not to go to her father's when she is supposed to. . . .   [¶]  [The minor] stated that she did not want to go with her father, and [mother] was encouraging her daughter to go to juvenile hall instead of her court ordered visitation."

The officer "explained to [the minor] that [he] did not believe juvenile hall was the right place for her, and that people get into fights at juvenile hall.  [He] told her that it was like jail for juveniles, and that [he] thought it was disgusting that her mother . . . would rather she go there, [than] with her father for his 4 hour court ordered visitation.  [The minor] began to cry and stated that she would go with her father."

On May 8, 2014, DCFS filed a petition alleging that the minor, then 13 years of age, came within section 300, subdivision (c) as a result of an ongoing custody dispute between her parents.  DCFS pled:  "The [minor's] mother . . . and father . . . emotionally abused the child by engaging in ongoing child custody disputes regarding the child.  The parents enmeshed the child in the parents' ongoing conflicts.  The child exhibits emotional distress and does not wish to visit the father, due to the emotional abuse of the child by the parents.  Such emotional abuse of the child by the parents places the child at substantial risk of suffering serious emotional damage as evidenced by severe anxiety, depression, withdrawal and aggressive behavior toward herself and others."

3

The juvenile court found a prima facie case for detaining the minor pursuant to section 300, subdivision (c) and ordered the minor released to mother pending the next hearing. The court also authorized a mental health assessment for the minor. It ordered DCFS to provide individual counseling for the minor and to complete a multidisciplinary assessment of the minor's psychological status for inclusion in the jurisdiction hearing report.

On July 10, 2014, DCFS filed an amended petition alleging that the minor came within section 300, subdivision (b) [failure to protect], in addition to subdivision (c). The section 300, subdivision (c) allegations were unchanged from the original petition.

At a jurisdictional hearing on July 10, 2014, the court sustained the section 300, subdivision (c) allegation in DCFS's amended petition and struck the subdivision (b) allegations. The minor remained released to mother pending the next hearing.

At a dispositional hearing on August 20, 2014, the court declared the minor a dependent child of the court pursuant to section 300, subdivision (c), removed her from father's custody, and ordered her placed in mother's home under DCFS supervision.

On September 4, 2014, mother filed a timely notice of appeal.

**CONTENTIONS**

Mother contends: (1) the juvenile court erred in assuming dependency jurisdiction over the minor in the absence of substantial evidence that the minor faced a risk of serious emotional damage within the meaning of section 300, subdivision (c); and (2) the court erred in sustaining DCFS's section 300, subdivision (c) allegations naming mother as an offending parent because there was insufficient evidence linking mother's conduct to the minor's emotional distress.

**DISCUSSION**

1. *Substantial evidence supports juvenile court's exercise of jurisdiction over the minor.*

Section 300, subdivision (c) provides that a child is within the jurisdiction of the juvenile court if "[t]he child is suffering serious emotional damage, or is at substantial

4

risk of suffering serious emotional damage, evidenced by severe anxiety, depression, withdrawal, or untoward aggressive behavior toward self or others, as a result of the conduct of the parent or guardian or who has no parent or guardian capable of providing appropriate care."

As discussed below, mother's arguments that the juvenile court erred in declaring the minor a dependent child of the court under this subdivision are without merit.

      a. *Standard of appellate review*.

We review the juvenile court's jurisdictional findings for substantial evidence. (*Los Angeles County Dept. of Children & Family Services v. Superior Court* (2013) 215 Cal.App.4th 962, 966; *In re R.C.* (2012) 210 Cal.App.4th 930, 940.) Under this standard, we examine the record "to determine whether there is any substantial evidence to support the juvenile court's conclusions, and we resolve all conflicts and make all reasonable inferences from the evidence to uphold the court's orders, if possible." (*In re David M.* (2005) 134 Cal.App.4th 822, 828; accord, *In re Drake M.* (2012) 211 Cal.App.4th 754, 763; *In re Savannah M.* (2005) 131 Cal.App.4th 1387, 1393.)

      b. *Substantial evidence supports juvenile court's jurisdictional finding*.

      (1) *The minor's diagnosis of major depressive order*.

Mother concedes that Dr. Reed (a clinical psychologist who has treated the minor) had determined that the minor "carries a primary diagnosis of Major Depressive Disorder." Mother argues, however, that DCFS "seems to have ignored a court order to provide the court with a multi-disciplinary assessment, including an assessment of [the minor's] psychological status. . . . As a result, the court was left without any evidence elaborating on the practical impact of the minor's depression, or explaining how her condition might lead to severe emotional damage. To the contrary, the *very* limited evidence related to [the minor's] functioning undermined the suggestion that the minor's depression was severe."

Mother's reply brief reiterates her argument that the "limited evidence" undermined the juvenile court's finding that the minor was at risk of suffering severe

5

emotional damage.  Mother points out, for example, that the minor was on the honor roll at school.

In effect, mother is asking this court to reweigh the evidence with respect to the severity of the minor's condition, evidence which the juvenile court considered and credited.  However, "[w]e do not . . . reweigh the evidence" in determining whether substantial evidence exists to uphold the juvenile court's jurisdictional findings.  (*In re Isabella F*. (2014) 226 Cal.App.4th 128, 138.)  Dr. Reed's diagnosis that the minor is suffering from "Major Depressive Order" provides substantial support for the juvenile court's determination that the minor is a person described in section 300, subdivision (c) [suffering or at substantial risk of suffering serious emotional damage, evidenced by depression].)

(2) *The juvenile court did not need to await the completion of the multidisciplinary mental health assessment before determining jurisdiction over the minor.*

Mother's related argument, i.e., that the juvenile court erred in assuming jurisdiction over the minor before the completion of the multidisciplinary mental health assessment, is meritless.  The May 8, 2014 order for a mental health assessment expressly stated the assessment "is to be used solely for the purpose of coordinating/providing treatment and/or other services for the [minor]."  Therefore, the mental health assessment was not to be used for jurisdictional purposes.

Accordingly, the juvenile court did not act prematurely in taking jurisdiction over the minor.

c. *Jurisdictional findings as to both parents*.

(1) *Jurisdictional finding against father, who has not appealed, is sufficient to support the dependency court's jurisdiction over the minor.*

Notably, mother does not contend that the juvenile court erred in sustaining the jurisdictional count against father, who has not appealed.  Mother properly concedes that

6

"a jurisdictional finding good against one parent is good against both." (*In re Alysha S.* (1996) 51 Cal.App.4th 393, 397.)

Due to the dependency law's "focus on [protecting] the child, it is necessary only for the court to find that one parent's conduct has created circumstances triggering section 300 for the court to assert jurisdiction over the child. [Citations.] Once the child is found to be endangered in the manner described by one of the subdivisions of section 300 . . . the child comes within the court's jurisdiction . . . . [Citation.] For jurisdictional purposes, it is irrelevant which parent created those circumstances. A jurisdictional finding involving the conduct of a particular parent is not necessary for the court to enter orders binding on that parent, once dependency jurisdiction has been established. [Citation.] As a result, it is commonly said that a jurisdictional finding involving one parent is ' "good against both. More accurately, the minor is a dependent if the actions of either parent bring [her] within one of the statutory definitions of a dependent." ' [Citation.]" (*In re L.A.* (2011) 201 Cal.App.4th 1484, 1491-1492; accord, *In re Alysha S.*, *supra*, 51 Cal.App.4th at p. 397.) Therefore, "an appellate court may decline to address the evidentiary support for any remaining jurisdictional findings once a single finding has been found to be supported by the evidence. [Citations.]" (*In re L.A.*, *supra*, 201 Cal.App.4th at p. 1492.)

Thus, the jurisdictional finding as against father, who has not appealed, is sufficient to uphold the juvenile court's exercise of jurisdiction over the minor.

(2) *Jurisdictional finding against mother is supported by substantial evidence.*

Moreover, substantial evidence supports the juvenile court's jurisdictional finding as to mother.

Mother contends that even assuming the minor was at risk for severe emotional damage, there was no substantial evidence linking any behavior by mother to the minor's emotional distress. Mother asserts she is a nonoffending parent and that the minor's emotional distress is attributable to father alone. The argument is unavailing.

The DCFS investigation revealed that the minor was "caught in between her parents and the custody battles at Family Law Court." The DCFS social worker observed that "some of the quotes made by [the minor] sound mature as if she is quoting the mother and, therefore, the mother appears to be including [the minor] in adult conversations and [it] may also be that mother is alienating [the minor] from her father." A police report from February 2013, following a response to mother's home, indicated "there is an ongoing problem with the child's parents and there have been numerous DCFS reports generated for similar allegations." The April 30, 2014 police report stated mother "encourage[d] her daughter to go to juvenile hall instead of her court-ordered visitation" with father. On this record, the juvenile court properly could conclude that mother's conduct contributed to the minor's suffering, or being at substantial risk of suffering, serious emotional damage.

## DISPOSITION

The order declaring the minor a dependent child of the court pursuant to section 300, subdivision (c), is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EDMON, P. J.


We concur:


KITCHING, J.                          EGERTON, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

8